# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| WILLIE B. McFADDEN, ) | |
| ) | C/A No. 4:09-739-RBH-TER |
| Petitioner, ) | |
| vs. ) | |
| ) | |
| LEROY CARTLEDGE, WARDEN, ) | REPORT AND RECOMMENDATION |
| McCORMICK CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| **Respondents.** ) | |

Petitioner, Willie B. McFadden ("Petitioner/McFadden"), is currently incarcerated at McCormick Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 25, 2009. Respondent filed a motion for summary judgment on June 16, 2009, along with a return, supporting memorandum, and exhibits. The undersigned issued an order filed June 17, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response, Respondent filed a reply, Petitioner filed a second response, and Respondent filed a second reply.

It is recommended that this action be dismissed as barred by the statute of limitations, and there are no grounds for equitable tolling. However, the lengthy procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

# I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently incarcerated in the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to an order of commitment from the Clerk of Court for Sumter County. Petitioner was indicted by the Sumter County Grand Jury during the April 1998 term of the Sumter County Court of General Sessions for one count of Armed Robbery, one count of Murder, one count of Criminal Conspiracy, one count of Possession fo a Weapon during the Commission of a Violent Crime, and one count of Unlawful Possession of a Pistol under Twenty-One (98-GS-43-397). During the July 1998 term of the Sumter County Court of General Sessions, the Sumter County Grand Jury also indicted Petitioner for one count of Possession with Intent to Distribute Crack Cocaine, one count of Possession with Intent to Distribute Crack Cocaine within Proximity of a Park, one count of Criminal Conspiracy, one count of Carrying a Weapon, and one count of Possession of a Pistol under Twenty-One (98- GS-43-680). Petitioner was represented by Jack Howle, Esquire, Chief Public Defender for Sumter County. The State was represented by Harry Conner, Esquire, Assistant Solicitor for the Third Judicial Circuit. On January 24-26, 2000, Petitioner was tried by jury on the first indictment, 98-GS-43-397. At trial, Petitioner was granted a directed verdict on the Armed Robbery charge. (Tr. 203). The remaining counts of the indictment went to the jury. Petitioner was convicted of the lesser included offense of Voluntary Manslaughter, Possession of a Weapon during the Commission of a Violent Crime, and Possession of a Pistol by a Person under the Age of Twenty-One. (Tr. 297- 98). Petitioner was found not guilty of Criminal

Conspiracy. (Tr. 298). After Petitioner was convicted by the jury, he pled guilty to Possession with Intent to Distribute Crack Cocaine under the second indictment (98-GS-43-680). (Tr. 299-303). The rest of the counts in the 98-GS-43-680 indictment were dismissed. (Tr. 303). The Honorable John Milling, Circuit Court Judge, sentenced Petitioner to twenty-five (25) years confinement on the Voluntary Manslaughter conviction, five (5) years confinement on the Possession of a Firearm During Commission of a Violent Crime conviction, and two (2) years confinement for Possession of a Weapon under Twenty-One, all to be served concurrently. (App. 311-12). Petitioner was also sentenced to seven (7) years confinement on the Possession with Intent to Distribute Crack Cocaine conviction, also to be served concurrent to the other sentences. (App. 312). There was no direct appeal.

Petitioner filed an Application for Post-Conviction Relief (PCR) on May 16, 2000. On August 13, 2001, an evidentiary hearing in this matter was held before the Honorable Howard P. King, Circuit Court Judge. Petitioner was present and was represented by Michael M. Jordan, Esquire. Assistant Attorney General Douglas E. Leadbitter, Esquire, represented Respondent. By Order signed November 30, 2001, Petitioner's Application for Post-Conviction Relief was denied and dismissed with prejudice.

Petitioner initially filed a pro se Notice of Appeal on December 31, 2001. In an Order of Dismissal dated January 11, 2002, the South Carolina Supreme Court dismissed Petitioner's appeal to the PCR Court's Order. The Court noted that the above entitled case was pending on appeal in the South Carolina Supreme Court. Due to the failure of Petitioner to timely serve the Notice of Appeal on opposing counsel, as provided for in Rules 227 (b) and 203 (b)(l) of the South Carolina Appellate Court Rules, it was ordered that the above captioned appeal be and thereby was dismissed.

Pursuant to Rule 221 (b) of the South Carolina Appellate Court Rules, the Remittitur in the case would be sent to the Clerk of Court for Sumter County after (15) days, exclusive of the date of filing that Order.

A Notice of Appeal from Petitioner's PCR Counsel was served on January 14, 2002, and received by the South Carolina Supreme Court on January 15, 2002. PCR Counsel also filed a Petition for Reinstatement of Petitioner's appeal and a Petition to be Relieved as Counsel on January 14, 2002. In an Order dated February 21, 2002, the South Carolina Supreme Court denied PCR Counsel's Petition for Reinstatement. The Supreme Court noted that Petitioner's application for post-conviction relief (PCR) was denied after a hearing. Petitioner, pro se, timely filed a notice of appeal on December 31, 2001. However, the South Carolina Supreme Court dismissed Petitioner's appeal on January 11, 2002, for failure to serve the notice of appeal.

On January 15, 2002, Petitioner's PCR counsel, Michael Jordan, filed a notice of appeal, proof of service, and a motion to reinstate Petitioner's appeal. The notice of appeal was dismissed because it was not served within 30 days of receipt of the final PCR order. See Rule 203(b)(1), SCACR. Because the notice of appeal was not properly served, the motion to reinstate Petitioner's appeal was denied. Petitioner's appeal was dismissed without prejudice to Petitioner's right to seek relief under Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991). The Remittitur was issued on February 21, 2002.

Petitioner filed his second Application for Post-Conviction Relief on November 2, 2002 (2002-CP-43-1274), alleging ineffective assistance of counsel. Specifically, Petitioner alleged counsel was ineffective because he failed to file an appeal. Respondent filed its Return and Motion to Dismiss on March 10, 2003. On June 23, 2003, an evidentiary hearing in this matter was held

4

before the Honorable Howard P. King, Circuit Court Judge. Petitioner was present and was represented by Kenneth R. Young, Esquire. Assistant Attorney General Wm. Bryan Dukes, Esquire, represented Respondent. By Order of Dismissal filed July 22, 2003, Petitioner's second Application for Post-Conviction Relief was denied and dismissed with prejudice. The PCR Court also found that the application for post-conviction relief must be summarily dismissed for failure to comply the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. 17-27-10, et. seq. Petitioner was convicted of the challenged offenses on January 26, 2000. He subsequently filed the application for PCR on November 7, 2002. Therefore, because this application was filed after the one-year statutory filing period had expired, it was thereby dismissed as untimely filed. In its Order, the PCR Court noted Petitioner alleged that he was being held in custody unlawfully for the following reasons: Ineffective Assistance of Counsel. The PCR Court found that the second application for post-conviction relief must be summarily dismissed because it was successive to his prior application for post-conviction relief. On August 13, 2003, Petitioner filed a *pro se* Motion to Vacate, Amend, or Alter Order of Judge. In an Order filed August 18, 2003, Petitioner's Motion was denied.

Petitioner filed his third Application for Post-Conviction Relief on July 13, 2004 (2004-CP-43-881), alleging lack of subject matter jurisdiction, improper indictment, and newly discovered evidence. On November 4, 2004, Petitioner filed a Second Amended Application for Post-Conviction Relief. On October 5, 2005, an evidentiary hearing in this matter was held before the Honorable Howard P. King, Circuit Court Judge. Petitioner was present and was represented by Charles Brooks, Esquire. Assistant Attorney General Paula S. Magargle, Esquire, represented Respondent. By Order of Dismissal filed November 7, 2005, Petitioner's third Application for Post-

Conviction Relief was denied and dismissed with prejudice.

The PCR Court had reviewed the records of the Clerk of Court regarding the subject convictions; Petitioner's records from the South Carolina Department of Corrections; the transcript of the prior proceedings against Petitioner; the petition; Respondent's Return, pleadings, and other documents. The PCR Court found that all allegations must be dismissed because the current action was successive to Petitioner's prior application for PCR.

The Court found that Petitioner had failed to establish sufficient reason why he could not have raised his current allegations in his previous application for PCR. Therefore, Petitioner had failed to meet the burden imposed upon him to present a sufficient reason for his failure to raise these claims in his first PCR case. Land v. State, 274 S.C. 243, 262 S.E.2d 735 (1980); Aice, 305 S.C. 448. Accordingly, this application was denied because it was successive. In addition, the PCR Court found that all allegations in Applicant's application should also be dismissed for failure to comply with the filing procedures of the Act. S.C. Code Ann. § 17-27-10 to -160 (Supp. 1999). Based upon its review of the records, pleadings, and the arguments of counsel in this matter, the PCR Court denied Petitioner's application for PCR because the petition was successive, time barred, and the trial court had subject matter jurisdiction to hear the case.

Petitioner timely filed and served a Notice of Appeal from this 3rd PCR action. However, in a letter dated November 9, 2005, the South Carolina Supreme Court informed PCR Counsel that since the order of the circuit court determined that this action was barred as being successive and untimely under the statute of limitations, Rule 227(c), SCACR, required him to provide a written explanation as to why this determination was improper. That explanation must contain sufficient facts, argument and citation to legal authority to show that there was an arguable basis for asserting

that the determination by the lower court was improper. The Court requested the explanation be filed within fifteen (15) days of that letter. In an Order of Dismissal dated December 2, 2005, Petitioner's appeal was dismissed by the South Carolina Supreme Court. The Remittitur was issued on December 20, 2005.

Petitioner filed his fourth Application for Post-Conviction Relief on February 3, 2006 (2006-CP-43-130), alleging he was denied his one bite at the apple, by court appointed counsel's failure to file a timely appeal of Petitioner's PCR Application; he was denied due process where court appointed counsel failed to amend the original application to include all grounds raised at the original hearing on the merits; and he was denied due process where extrinsic fraud upon the court deprived Petitioner the opportunity to be heard, where the original order of dismissal failed to address all issues raised in the hearing on the merits in the original application for post conviction. Respondent filed its Return and Motion to Dismiss on August 28, 2006. On September 19, 2006, the Honorable Clifton Newman, Circuit Court Judge, entered a Conditional Order of Dismissal.

In a Final Order filed July 21, 2008, the PCR Court denied and dismissed Petitioner's PCR Application with prejudice. In the Final Order, the Honorable George C. James, Jr., Circuit Court Judge, noted this matter came before the Court pursuant to an application for post-conviction relief (PCR) filed February 3, 2006. The Respondent (the State) made its Return and Motion to Dismiss on August 28, 2006, requesting that the Application be summarily dismissed. Pursuant to this request, and after reviewing the pleadings in this matter and all of the records attached thereto, the PCR Court issued a Conditional Order of Dismissal dated September 1, 2006, provisionally denying and dismissing this action, while giving Petitioner twenty (20) days from the date of service of said Order in which to show why the dismissal should not become final. Petitioner made no response to

the Conditional Order of Dismissal within the twenty (20) day response period.

On July 22, 2008, counsel for Petitioner filed a Motion for Relief from Judgment with the PCR Court pursuant to Rule 60(b) of the South Carolina Rules of Civil Procedure. In this Motion, counsel alleged Petitioner had a meritorious defense to the claims of the Respondent and requested an evidentiary hearing. Respondent filed its Return to the Motion for Relief from Judgment on August 4, 2008. No ruling was made on the Motion.

Petitioner timely filed a Notice of Appeal and Written Explanation Pursuant to Rule 227(c), SCACR on September 8, 2008, with the South Carolina Court of Appeals. In an Order dated September 9, 2008, the appeal was transferred to the South Carolina Supreme Court. In an Order dated September 26, 2008, the South Carolina Supreme Court dismissed the Notice of Appeal. In the Order, the Supreme Court noted that on September 1, 2006, the circuit court issued a conditional order of dismissal in the post-conviction relief (PCR) case. That order gave Petitioner twenty days to show cause why the conditional order should not become final. According to the final order of dismissal, Petitioner did not file a response to the conditional order of dismissal, and the circuit court issued the final order of dismissal on July 21, 2008. Petitioner has now served and filed a notice of appeal from this last order *citing* Edith v. State, 369 S.C. 408, 632 S.E.2d 844 (2006), where the court held there was no right to appeal where no response was filed the conditional order of dismissal. Accordingly, the notice of appeal was dismissed and the Remittitur was issued on October 14, 2008.

## II. HABEAS ALLEGATIONS

Petitioner raises the following Grounds in his *pro se* Petition for Writ of Habeas Corpus,

quoted verbatim:

| | |
|---|---|
| Ground one: | Conflict of interest <u>Cuyler v. Sulivai</u> 100 SCT (1980) Sixth Amend Violation |
| Supporting facts: | Trial counsel acted as advocate had access to Attorney client Material, then switched over to Solicitor's Office and affected indictment process. |
| Ground two: | Ineffective Assistance of Counsel |
| Supporting facts: | counsel failed to investigate, lodge proper objections, and failed to call witnesses |
| Ground three: | Denial of Procedural Due Process in State Appellate/PCR Process |

(Habeas Petition).

### III. SUMMARY JUDGMENT

On June 16, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by <u>pro se</u> litigants, to allow them to fully develop potentially meritorious cases. See <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the

moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since McFadden filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

> Supreme Court of the United States; or (2) resulted in a decision that
> was based on an unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. (Respondent's Memorandum).

11

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

---

[2] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

As stated under the procedural history, Petitioner was convicted on January 26, 2000. Petitioner did not file a direct appeal. Therefore, his conviction became final on February 6, 2000. Petitioner filed his first PCR application on May 16, 2000. One hundred (100) days of non-tolled time passed between the date the conviction became final and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. The Remittitur for the PCR appeal was issued on February 21, 2002. Petitioner had two hundred sixty-five days from February 22, 2002, to file his federal habeas corpus petition. Petitioner did not file his habeas petition until March 25, 2009, with a <u>Houston v. Lack</u>, 487 U.S. 266 (1988), delivery date of March 19, 2009.[3] However, even using the date of March 19, 2009, th time is outside the limitations period. The second, third, and fourth PCR applications would not have tolled the statute of limitations as they were not "properly filed." See 28 U.S.C. 2254(d)(2). The 2nd, 3rd, and 4th PCR applications were dismissed as successive and untimely. Therefore, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed as time barred.

In the case of <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In <u>Harris</u>, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January

---

[3] Date it was stamped as being received in the "MCCI Mailroom." See envelope, doc. #1-2).

> 7, 1998, when the Maryland Court of Appeals denied Harris'
> application for leave to appeal the denial of his petition. At this
> point, the clock began running again on the one-year limitation
> period, expiring one-and-one-half months later, in February 1998.
> Harris did not file his federal habeas petition until July 22, 1998, six
> months after his one-year period had expired. Therefore, the petition
> was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Petitioner has not presented evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' "

> *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #10) be GRANTED, and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 25, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**