IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie B. McFadden, ) | Civil Action No.: 4:09-cv-00739-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is now before the court with the [Docket Entry 20] Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III[1] filed on November 25, 2009.

Petitioner, a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at McCormick Correctional Institution in McCormick, South Carolina. Respondent filed his [Docket Entry 10] Motion for Summary Judgment on June 16, 2009, along with a return, supporting memorandum, and exhibits. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 17, 2009, advising Petitioner of the motion for summary judgment procedure and possible consequences if he failed to respond adequately. Thereafter, Petitioner filed a response, Respondent filed a reply, Petitioner filed a second response, and Respondent filed a second reply.

---

[1] This matter was automatically referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.)

In his Report, the Magistrate Judge recommended that Petitioner's action should be dismissed as barred by the statute of limitations. Petitioner timely filed objections to the Report on December 11, 2009.[2]

**Background**

Petitioner is currently incarcerated at McCormick Correctional Institution in the South Carolina Department of Corrections. During the April 1998 and July 1998 terms, the Sumter County Grand Jury indicted Petitioner on multiple counts. On January 26, 2000, upon the conclusion of trial, Petitioner was convicted of the lesser included offense of Voluntary Manslaughter, Possession of a Weapon during the Commission of a Violent Crime, and Possession of a Pistol by a Person under the Age of Twenty-One. After Petitioner was convicted by the jury, he pled guilty to Possession with Intent to Distribute Crack Cocaine. The Sumter County Court sentenced Petitioner to twenty-five (25) years of confinement.[3] No direct appeal was filed.

Petitioner filed his first application for Post-Conviction Relief ("PCR") on May 16, 2000.[4] After an evidentiary hearing, Petitioner's application was denied and dismissed with prejudice on November 30, 2001. Petitioner filed a *pro se* notice of appeal on December 31, 2001. In an order of dismissal dated January 11, 2002, the Supreme Court of South Carolina

---

[2]   Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

[3]   Specifically, Petitioner was sentenced to twenty-five (25) years confinement on the Voluntary Manslaughter conviction, five (5) years confinement on the Possession of a Firearm during the Commission of a Violent Crime conviction, and two (2) years confinement for Possession of a Pistol under Twenty-One, all to be served concurrently. Additionally, Petitioner was sentenced to seven (7) years confinement on the Possession with Intent to Distribute conviction, also to be served concurrently.

[4]   For a more thorough review of Petitioner's State PCR appeals, see the Magistrate Judge's Report and Recommendation that this Order adopts and incorporates by reference.

2

dismissed Petitioner's appeal of the PCR court order because Petitioner failed to timely serve notice of the appeal on opposing counsel. Pursuant to Rule 221(b) of the South Carolina Appellate Procedure Rules, the Remittitur in the case would be sent to the Clerk of Court for Sumter County after fifteen (15) days, exclusive the date of filing that order.

On January 15, 2002, Petitioner's PCR counsel filed a notice of appeal, petition for reinstatement of Petitioner's appeal, and a petition to be relieved as counsel, which were all eventually denied by the South Carolina Supreme Court, without prejudice to Petitioner's right to seek relief under *Austin v. State*, 409 S.E.2d 395 (S.C. 1991). The Remittitur was issued on February 21, 2002.

Petitioner filed his second application for PCR on November 7, 2002, alleging ineffective assistance of counsel. Respondent filed a motion to dismiss and an evidentiary hearing was held. After the hearing and by order dated July 22, 2003, the PCR court denied and dismissed Petitioner's application with prejudice. Additionally, the court found that the application for PCR must be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. 17-27-10 et seq. The court found that the application was filed after the one-year statutory filing period had expired, and therefore it was dismissed as untimely filed. Petitioner filed a subsequent motion to vacate, amend, or alter the judgment that was denied by the PCR court on August 18, 2003.

Petitioner filed his third application for PCR on July 13, 2004, alleging lack of subject matter jurisdiction, improper indictment, and newly discovered evidence. After Petitioner amended his PCR application, an evidentiary hearing was held on October 5, 2005. In an order dated November 7, 2005, the PCR court denied and dismissed Petitioner's application as

successive. In addition, the court found that the application should be dismissed for failure to comply with the filing procedures as it was time-barred by the applicable statute of limitations. The application was dismissed and denied accordingly. Petitioner filed an unsuccessful appeal of the PCR court's decision, and the Supreme Court of South Carolina issued remittitur on December 20, 2005.

Petitioner filed his fourth application for PCR on February 3, 2006, alleging, among other things, that he was denied due process where extrinsic fraud upon the court deprived Petitioner the opportunity to be heard. After Petitioner failed to adequately respond to the PCR court's conditional order of dismissal, the PCR court dismissed and denied Petitioner's application on July 21, 2008. Although the final order was based on the fact that Petitioner failed to adequately respond to the conditional order, the PCR court stated in the conditional order that Petitioner's application was successive and time-barred.

Petitioner timely filed a notice of appeal on September 8, 2008, with the South Carolina Court of Appeals, which was eventually transferred to the South Carolina Supreme Court. Ultimately, the South Carolina Supreme Court dismissed the notice of appeal and remittitur was issued on October 14, 2008.

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in March of 2009. Petitioner raises the following grounds in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

> Ground one: Conflict of Interest <u>Cuyler v. Sulivai</u> SCT (1980) Sixth Amend Violation
>
> Supporting Facts: Trial counsel acted as advocate had access to Attorney client Material, then switched over to Solicitor's Office and affected indictment process.

4

| | | |
|---|---|---|
| Ground two: | | Ineffective Assistance of Counsel |
| Supporting Facts: | | counsel failed to investigate, lodge proper objections, and failed to call witnesses |
| Ground three: | | Denial of Procedural Due Process in State Appellate/PCR Process |

Habeas Petition [Docket Entry 1].

### **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory comm's. notes).

**Discussion**

Respondent asserts, and the Magistrate Judge recommends, that Petitioner's claims should be dismissed as untimely, because the habeas petition was not filed during the one-year statute of limitations period created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Resp't's Memo. [Docket Entry 11]. The court agrees.

Subsection (d) of 28 U.S.C. § 2244, which sets forth the statute of limitations for filing habeas petitions, provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

In our case, Petitioner was convicted on January 26, 2000, and he did not file a direct appeal. Therefore, his conviction became final on February 6, 2000. Thereafter, one hundred

(100) days of non-tolled time passed before Petitioner filed his first PCR application on May 16, 2000. The period of limitations was tolled during Petitioner's PCR appeal. However, the remittitur for the PCR appeal was issued on February 21, 2002, and Petitioner did not file this habeas corpus petition until March of 2009. Clearly Petitioner's filing of this habeas petition more than eight (8) years after his conviction and seven (7) years after the conclusion of his first PCR appeal is outside the statute of limitations period. Moreover, Petitioner's second, third, and fourth PCR applications would not have tolled the statute of limitations as they were not "properly filed." *See* 28 U.S.C. § 2244(d)(2). All three of those subsequent applications for PCR were dismissed as successive, and for failure to comply with the filing procedures as they were filed after the one-year statute of limitations period and therefore untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (stating that a petitioner is not entitled to statutory tolling under § 2244(d)(2) if a State PCR court rejects his petition as untimely). Moreover, as the Magistrate Judge correctly stated, Petitioner has not presented any evidence to warrant equitable tolling. Accordingly, the court agrees with the Magistrate Judge that Petitioner's case should be dismissed as time-barred by the applicable statute of limitations.

Moreover, the court has reviewed Petitioner's objections and finds that he has failed to advance any arguments that show his habeas petition was not time-barred by the statute of limitations. First, regardless of whether or not Petitioner's allegation that the State denied him due process during his appellate and PCR process is true, Petitioner has failed to allege why such State action prevented him from filing his habeas corpus petition within the one-year statutory period. Second, Petitioner does not contend that he was entitled to any statutory or equitable

tolling under § 2244(d)(2). Accordingly, the court still finds that Petitioner's petition should be dismissed as time-barred.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules all of Petitioner's objections and hereby adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Respondent's Motion for Summary Judgment is **GRANTED** and this petition is hereby **DISMISSED** without an evidentiary hearing.

**IT IS SO ORDERED**.

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 30, 2009
Florence, South Carolina